In the Matter of JOHN J. BELMONT, Respondent, *v.* H. ELIOT KAPLAN et al., as Commissioners of the New York State Department of Civil Service, Appellants.

Fourth Department, July 2, 1962.

Louis J. Lefkowitz, Attorney-General (Edwin R. Oberwager and Paxton Blair of counsel), for appellants.

John F. Tierney for respondent.

Per Curiam. The State Civil Service Commission, after conducting an investigation pursuant to section 25 of the Civil Service Law, concluded that the petitioner had "improperly received or obtained answers to questions on the written test for police lieutenant" and it accordingly rescinded the petitioner's eligibility for the position of police lieutenant and directed that his name be removed from the eligibility list.

The petitioner brought this article 78 proceeding, in the nature of mandamus, seeking an order annulling the commission's determination. Neither side asked for a hearing at Special Term and no evidence was taken there. However, upon the basis of the papers submitted, the Special Term held that the determination by the commission was arbitrary and capricious and accordingly annulled it.

In our opinion, the decision at Special Term was erroneous. While there was no direct evidence that the petitioner had copied his answers from those of one Coriale, there was ample circumstantial evidence to warrant the commission's conclusion that he had done so. The examination consisted of 95 questions to be answered by the marking of one of five multiple choices for each question. Ninety-two of the 95 answers on the petitioner's paper were identical with those of Coriale. Of the 3 that were not identical, 2 were the same as Coriale's original answers which he later changed to different answers.

The petitioner had seated himself in front of Coriale and there were two occasions when Coriale had gone out of the room, leaving his answer paper exposed on the top of his desk, during which the petitioner could have copied the answers.

The commission gave great weight to the fact that there was an exceptionally high number of erasures on the petitioner's paper. Fifty-three of the 95 questions had been originally answered by the petitioner in a manner different from his final answer. The original answers had been erased and new answers

substituted. Fifty of the 53 final answers were identical with Coriale's answers. Of the remaining 3, as has been noted above, 2 were identical with Coriale's original answers.

Even more significant than the large number of changes which brought the petitioner's answers into correspondence with Coriale's answers, was the large number of incorrect answers which were identical with the incorrect choices made by Coriale. Of the final answers, made after changes and erasures, 18 were incorrect. Of this number, at least 15, and possibly all 18 (the record is unclear on this point), were identical with Coriale's answers. In view of the fact that there were four possible wrong answers for each question, the selection of the same wrong answer in such a high number of instances leads to the almost inescapable conclusion that the answers had been copied. The odds against this happening as a matter of chance or coincidence are astronomically high.

Coriale was already a lieutenant at the time of the taking of the examination. He took the examination for the purpose of attaining eligibility for promotion to the position of captain or deputy chief. He was required to answer the same 95 questions as those who were taking the examination for the position of lieutenant and he was required to answer additional questions for the higher positions.

The commission's expert professional staff reported to the commission that, in its judgment, the petitioner had cheated on the examination and the commission came to the same conclusion. The high percentage of erasures and the high rate of correspondence of the erroneous answers, convinced the commission and its staff in the light of their expert knowledge and long experience in the giving of multiple choice examinations, that Belmont had copied his answers from Coriale. We are also convinced of this but, even if we were not, we would accept the commission's determination. This is the type of problem with respect to which the courts should defer to the expertise of the administrative agency.

We certainly cannot say that the commission's decision was so lacking in rational basis as to be arbitrary and capricious.

The order appealed from should be reversed and the proceeding dismissed.

WILLIAMS, P. J., HALPERN and McCLUSKY, JJ., concur; GOLDMAN, J., dissents and votes to affirm.

Order reversed, without costs of this appeal to any party and proceeding dismissed and determination of the commission reinstated, without costs.